**Margaret KATZ, Plaintiff–Appellee,**

**v.**

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellant.**

**No. 91–55670.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1992.

Decided Aug. 7, 1992.

Gary Silbiger, Silbiger & Honig, Los Angeles, Cal., for plaintiff-appellee.

Edward T. Swaine, U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

Before: WALLACE, Chief Judge, BRUNETTI, and FERNANDEZ, Circuit Judges.

BRUNETTI, Circuit Judge:

In 1978, Margaret Katz was working part time at the California Institute of Technology ("Cal. Tech.") when she had a nervous breakdown. She was hospitalized for her depression from January through November of 1978. The Social Security Administration ("Secretary") determined that she was disabled as of Jan. 11, 1978, because of depressive neurosis and severe involutional melancholia. Katz becomes greatly distressed by noises. Her sensitivity to noise apparently stems from an automobile accident. She has difficulty tolerating certain noises, which interferes with her functioning. Her medical impairment for disability purposes has never been contested by the Secretary.

After Katz was released from the hospital in November of 1978, she returned to Cal. Tech. in February of 1979. When Katz resumed her part-time work at Cal. Tech., she reduced her hours from 30 per week to 20. She was responsible for preparing a weekly tea, sorting mail, taking care of three bulletin boards, supplying the student lounge, caring for the xerox machine, and preparing charts for astronomical observations.[1] A form filled out by one of Katz's employers, a professor at Cal. Tech., indicated that Katz performed the same work after her breakdown as before

---

1. This description is taken from Katz's second hearing in 1989 because most of her job description at her 1981 hearing was not transcribed.

and that she made an important contribution.

Katz, however, testified that she was extremely slow, often made mistakes, and was frequently disturbed by noise at her work. Katz stated that she needed help from her co-workers and moved to a smaller office in a "passageway" so she would not be confronted with the typical sounds of an office, *e.g.*, xerox machine, typewriter, and air conditioner. She also indicated that her "medical expenses necessary to enable me to work part time are greater than my take home pay."

Katz grossed $254 every two weeks and took home $97.50 every week. Under the Social Security Regulations in effect, earnings over $280 a month resulted in a presumption of substantial gainful activity ("SGA"). An individual who is engaging in SGA is ineligible for disability benefits. In November of 1979, the Secretary made an initial determination that she was engaged in SGA and terminated her benefits, which decision was upheld by an Administrative Law Judge in September 1981.

Katz appealed. Her attorney argued, among other things, that the Secretary was required to show medical improvement before terminating Katz's disability benefits. In November of 1984, the Government moved for a remand to reconsider Katz's case in light of the Social Security Disability Benefits Reform Act of 1984 ("1984 Act"), and we granted the motion. The 1984 Act mandated a remand of all actions "raising the issue of whether an individual" should not have had disability benefits terminated "without consideration of whether there has been medical improvement." Pub.L. No. 98–460 § 2(d), 98 Stat. 1794, 1798 (1984).

Upon remand pursuant to the 1984 Act, Katz was paid disability benefits for twenty-five months. In June of 1987, the Secretary reconsidered Katz's case and found that Katz was not entitled to any benefits after January of 1980. In July of 1987 the Secretary terminated Katz's disability benefits, and in September of 1987 terminated her medicare benefits and requested that Katz return an alleged overpayment of $17,714.20 within 30 days.

Katz contested the reconsideration, and the ALJ affirmed the Secretary's decision that medical improvement was not an issue and that Katz was ineligible for disability benefits because she had been engaged in SGA since 1980.

Katz appealed to the district court. The court adopted the Magistrate Judge's recommendation that the Secretary erred in handling Katz's case upon remand. The Magistrate Judge found that the Secretary should have addressed the issue of medical improvement. The Magistrate Judge also decided that, given the long delays in this case, any remand would be futile, granted Katz summary judgment, and remanded the case for the immediate payment of benefits. We reverse.

## DISCUSSION

■■ The entire administrative record is reviewed and the evidence is weighed to determine if the Secretary's decision is supported by substantial evidence and reflects the correct legal standards. *Keyes v. Sullivan*, 894 F.2d 1053, 1055 (9th Cir.1990) (citations omitted). A decision is supported by substantial evidence when enough relevant evidence has been presented that a reasonable mind might accept it as sufficient to support a conclusion. *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

### I

■■ Katz asserts that part-time work cannot be SGA. However, the SSA regulations specifically state that "work may be substantial even if it is done on a part-time basis." 20 C.F.R. § 404.1572(a) (1991). This court has held that part-time work may be enough to find SGA. *See Keyes*, 894 F.2d at 1056. Therefore, the fact that Katz worked only part-time is not alone enough to conclude that she was not engaged in SGA.

## II

Katz advances several challenges to the manner in which the Secretary considered Katz's case on remand. We conclude that the Secretary did consider properly Katz's case.

### A

█ Katz argues that the Secretary erred in finding Katz ineligible for disability without showing any medical improvement. We reject this argument because it is not necessary to show medical improvement where SGA is the issue. The remand order from this court merely stated that Katz's case must be evaluated "in light of the provisions of the Social Security Disability Benefits Reform Act of 1984." In the 1984 Act Congress "establish[ed] a clear 'medical improvement' standard" before a beneficiary's benefits could be terminated. H.R.Rep. No. 98–618, 98th Cong., 2d Sess. 11, *reprinted in* 1984 U.S.C.C.A.N. 3038, 3048. The 1984 Act established a standard of review for terminating benefits. 42 U.S.C. § 423(f), but did not change the requirement that an individual be both medically impaired *and* unable to engage in SGA before the individual is considered disabled. 42 U.S.C. § 423(d)(2).

Although § 423(f) requires the Secretary to show medical improvement in most termination cases it is subject to several exceptions. The language of the statute makes it clear that, "Nothing in this subsection ... [entitles an individual to benefits] if the individual is engaged in substantial gainful activity." *Id.* § 423(f). A person is disabled only if his impairments make him unable to engage in "substantial gainful work." *Id.* § 423(d)(2), *see also* § 423(e). Thus, if a beneficiary is engaged in SGA he is no longer entitled to benefits. *See Keyes v. Sullivan,* 894 F.2d 1053 (9th Cir.1990); *Thompson v. Sullivan,* 928 F.2d 276, 277 (8th Cir.1991); *Fowler v. Bowen,* 876 F.2d 1451, 1453 (10th Cir.1989).

### B

█ Katz maintains that the Secretary did not correctly consider and weigh the relevant factors in considering her case upon remand. Our review of the record indicates that the ALJ properly considered Katz's case. Katz's earnings, which were well above the statutory minimum, lead to a presumption that she was engaged in SGA. *Keyes v. Sullivan,* 894 F.2d 1053, 1056 (9th Cir.1990). The earnings presumption can be rebutted. Factors to be considered in addition to the amount earned include the time spent working, quality of a person's performance, special working conditions, and the possibility of self-employment. 894 F.2d at 1056; 20 C.F.R. §§ 404.-1573–404.1576 (1991). The ALJ in the hearing and in his decision reviewed these factors and weighed all the evidence in reaching his conclusion.

Katz maintains that she presented evidence of expenses, which if deducted from her earnings, would lower her earnings below the statutory amount for a presumption of SGA. Our review of the record, however, shows that Katz was unable to present sufficient documentary evidence of her alleged work-related expenses to bring her earnings below the statutory presumption.

[7, 8] Katz also argues that the Secretary erred by not making specific findings explaining why he rejected the opinions of Katz's doctor, psychiatrist, and social worker that her work was only therapy and not substantial. While an ALJ must make specific findings as to why she is rejecting a treating physician's opinion, *Stone v. Heckler,* 761 F.2d 530, 533 (9th Cir.1985), this rule does not apply to questions of whether an individual is currently engaging in SGA. *cf. Wright v. Sullivan,* 900 F.2d 675, 683 (3d Cir.1990). A doctor's opinion as to a medical condition clearly is different from an opinion as to an individual's actual functional performance in a job setting.

### III

We find that there was substantial evidence to support the ALJ's conclusion that Katz could not overcome the presumption she was engaged in SGA.

The ALJ heard extensive testimony about Katz's job tasks and performance. In addition, he relied on forms filled out by

Katz's employer stating that her work was worth the amount paid. Katz had worked for many years and proved satisfactory to her employer. The modifications her employer made for Katz's comfort were relatively minor and do not show that Katz's work environment was the equivalent of a sheltered workshop. Under the lenient substantial evidence test the Secretary's decision must be upheld.

Katz's case is not unlike similar cases in which the claimant earned above the monthly limit and was unable to rebut the earnings presumption that he was engaged in SGA, even though the claimant argued that he worked in a special environment and did not actually perform SGA. *See, e.g., Garnett v. Sullivan,* 905 F.2d 778 (4th Cir.1990) (work as a bus driver involving minimal time per day typical of bus driving positions and SGA); *Wright v. Sullivan,* 900 F.2d 675 (3d Cir.1990) (work as rape counselor in very flexible circumstances SGA); *Beasley v. Califano,* 608 F.2d 1162 (8th Cir.1979) (despite limits and difficulty, part-time work as a real estate broker SGA).

## CONCLUSION

We do share the district court's concern over the delays in resolving this case. Much of the delay was unavoidable due to the mandatory language in the 1984 Act requiring remands of all actions "raising the issue of whether an individual" should not have had disability benefits terminated without a showing of medical improvement. Pub.L. No. 98–460 § 2(d), 98 Stat. 1794, 1798 (1984). As a result of this provision, Katz inadvertently received some benefits during the period of the remand. In the event that the Secretary attempts to recover the claimed overpayment of $17,174.20, we reserve jurisdiction to hear any appeals that may arise from the effort.

REVERSED.