**Jess OROZCO, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CV–F–92–5862 OWW.**

United States District Court,
E.D. California.

Sept. 8, 1993.

---

Dennis M. Bromberg, Fresno, CA, for plaintiff.

Daniel Bensing, U.S. Atty's. Office, Fresno, CA, for defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/REMAND AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

WANGER, District Judge.

This case comes before the Court on Plaintiff's motion for summary judgment and/or remand and Defendant's cross-motion for summary judgment. The Magistrate Judge filed his Report and Recommendation on August 16, 1993. Plaintiff filed his objections on September 2, 1993. The Court has reviewed the Report and Recommendation of the Magistrate and the underlying file pursuant to the provisions of 28 U.S.C. Section 636(b)(1). Judicial review of the Magistrate Judge's decision is *de novo*.

The Magistrate Judge recommends that the ALJ's decision denying benefits be upheld. Plaintiff objects that the ALJ did not properly apply the law defining the substantiality of activity. 42 U.S.C. section 405(g) limits the scope of judicial review of the Secretary's decision to deny benefits under the Act, allowing reversal only where the Secretary's decision is not supported by substantial evidence, or if the Secretary did not apply the proper legal standards. *Sanchez v. Secretary of Health and Human Services,* 812 F.2d 509, 510 (9th Cir.1987). "Substantial evidence" means somewhat less than a preponderance. *Sorenson v. Weinberger,* 514 F.2d 1112, 1119, n. 10 (9th Cir.1975)

"Substantial gainful activity" is work activity that involves significant physical or mental activities on a full or part-time basis. *Katz v. Secretary of Health and Human Services,* 972 F.2d 290, 292 (9th Cir.1992). Substantial gainful activity can be legal or illegal. In order to receive benefits, Mr. Orozco must show that he has a physical or mental impairment of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen,* 882 F.2d 1453, 1456 (9th Cir.1989).

The ALJ found that Plaintiff had engaged in substantial gainful activity in the form of theft and of transporting narcotics. The evidence supports this conclusion. Plaintiff testified that he frequently engaged in these criminal activities four to six hours per day, and earned between $900 and $2,400 per month doing so. Plaintiff traveled to and from the sites of his illicit activities, and used his physical and mental abilities to avoid detection and capture. Plaintiff notes in his objection that he spends a great deal of time committing crimes in order to support his drug habit, going about the task nearly every day. This is substantial evidence that plaintiff engaged in profitable activity that entailed significant physical or mental activity.

Plaintiff argues that his criminal activities resulted in frequent incarceration, which prevented him from holding a steady job. Plaintiff argues that the intermittence of his work precludes it from constituting substantial gainful activity. However, plaintiff's use of mental and physical faculties to carry out theft and transporting narcotics activities demonstrates that he is capable of engaging in other, legitimate work existing in the national economy. The intermittence of plaintiff's work is the result of its illicit nature, not of any disability preventing him from working. His ability to work is not intermittent, rather the "work" itself was intermittent due to his apprehension by law enforcement.

For the past two years, plaintiff has avoided incarceration disruptive of his "trade." This tends to refute the claim that plaintiff cannot hold a steady job.

Plaintiff contends that headaches have prevented him from seeking legitimate employment, but that aspirin affords sufficient relief to enable him to commit crimes for profit. Plaintiff does not explain why taking aspirin

will not enable him to engage in legitimate endeavors.

The ALJ made the required findings, applied the relevant standards, and determined that Plaintiff is not entitled to benefits. This finding is supported by substantial evidence. Other assignments of alleged error are meritless, for the reasons stated by the Magistrate Judge.

Based on substantial evidence in the record and good cause;

IT IS ORDERED that the Magistrate's Report and Recommendation concerning plaintiff's claim for benefits is ADOPTED.

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment and/or Remand is DENIED;

FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/REMAND AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

BECK, United States Magistrate Judge.

Plaintiff, Jess Orozco, seeks judicial review of a final decision of the Secretary of Health and Human Services ("Secretary") denying his applications for disability insurance benefits and supplemental security income ("SSI") benefits pursuant to Titles II and XVI, respectively, of the Social Security Act ("Act"). Jurisdiction exists under 42 U.S.C. § 405(g). The matter is currently before the Court on the parties' cross-motions for summary judgment, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California, for a report and recommendation.

**FACTS AND PRIOR PROCEEDINGS**

The claimant filed his applications for disability benefits on March 7, 1991, alleging an inability to work since July 1, 1990, due to drug addiction and arthritis in his hands and back. Administrative Record ("AR") 47. These applications were denied initially and upon reconsideration. Mr. Orozco requested a hearing and on December 5, 1991, he appeared, accompanied by counsel, and testified before an Administrative Law Judge ("ALJ").

Mr. Orozco testified that he was born on June 15, 1936, making him fifty-five (55) years of age at the time of the administrative hearing. AR 25. He has an eighth grade education and is able to read and write. Plaintiff worked as a laborer in the past, but has spent much of his life in jail and prison due to drug and property related offenses. AR 26–32.

Upon examination by the ALJ, Mr. Orozco testified that he starting taking heroin at age seventeen and currently spends $50.00 to $80.00 a day to support his habit. AR 32; 38. He supports this habit by stealing, as he has no other source of income. AR 39. He is picked up by some "guys" on a daily basis and they steal, primarily shoplift. AR 40. This activity takes four to six hours each time he goes out to perform this illegal activity. AR 41. Mr. Orozco stated that he could not work a regular job because of headaches, (AR 41) although he testified that he can go out and steal when he is suffering from one because the aspirin he takes "fixes" the pain. *Id.* Plaintiff also claimed disabling pain in his shoulder. AR 42.

The ALJ issued his decision on February 27, 1992, denying Plaintiff's claim for benefits. Thereafter, the Appeals Council denied Mr. Orozco's request for review of the hearing decision and, on December 14, 1992, Plaintiff timely filed his complaint in this case.

The matter is currently before the Court on Plaintiff's Motion for Summary Judgment/Remand and Defendant's Cross-motion for Summary Judgment, which were referred, without oral argument, to Dennis L. Beck, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California, for a Report and Recom-

mendation. For the reasons that follow, the Magistrate Judge recommends that the Court affirm the decision of the Secretary, deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Cross–Motion for Summary Judgment.

## SCOPE OF REVIEW

■ Congress has provided a limited scope of judicial review of the Secretary's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the court must determine whether the decision of the Secretary is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," [*Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971) (*Richardson* )], but less than a preponderance. *Sorenson v. Weinberger,* 514 F.2d 1112, 1119, n. 10 (9th Cir.1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson, supra,* 402 U.S. at 401, 91 S.Ct. at 1427. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Secretary's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir.1985). In weighing the evidence and making findings, the Secretary must apply the proper legal standards. *E.g., Burkhart v. Bowen,* 856 F.2d 1335, 1338 (9th Cir.1988). This Court must uphold the Secretary's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Secretary's findings are supported by substantial evidence. *See, Sanchez v. Secretary of Health and Human Services,* 812 F.2d 509, 510 (9th Cir.1987).

## REVIEW

■■ In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 402(e)

(disability-based widow's insurance benefits), 423(d)(1)(A) (disability insurance benefits), 1382c(a)(3)(A) (SSI disability benefits). A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen,* 882 F.2d 1453, 1456 (9th Cir.1989). The burden is on the claimant to establish disability. *Terry v. Sullivan,* 903 F.2d 1273, 1275 (9th Cir.1990).

In an effort to achieve uniformity of decisions, the Secretary has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process. 20 C.F.R. §§ 404.1520(a)–(f), 416.920(a)–(f) (1993).[1] Applying step one of this process, the ALJ found that Plaintiff has engaged in daily activities analogous to work and he engages in these activities four to six hours per day every day or every other day and earns $900 to $2,400 per month doing so. AR 13. Because the Plaintiff's daily activities of stealing and shoplifting involve a significant amount of physical and mental activities for pay or profit, this activity constitutes substantial gainful activity within the meaning of the Regulations. 20 C.F.R. §§ 404.-1572 and 416.972. The ALJ therefore held that Plaintiff was "not disabled." AR 13–14.

■ On appeal, Plaintiff argues that the ALJ erred in finding that Plaintiff's past criminal activity constituted substantial gainful activity. Plaintiff additionally claims error in the failure of the defendant to supply a complete transcript for review when he filed the answer, as page 32 was not initially included, and further claims the ALJ failed to follow regulations requiring that the Psychiatric Review Technique form be appended to the ALJ's decision. Finally, Plaintiff argues that by interpreting illegal activity undertaken to obtain drugs to support a habit as substantial gainful activity, the Secretary is frustrating the legislative purposes of the

---

**1.** All references are to the 1993 version of the Code of Federal Regulations unless otherwise

noted.

Social Security Act. None of these contentions have merit.

[8] The ALJ properly determined that Plaintiff's past criminal activity constituted substantial gainful activity.[2] In *Bell v. Sullivan*, 817 F.Supp. 719, 722–23 (N.D.Ill.1993), the district court found that the claimants' activities, which included shoplifting, required significant physical and mental capabilities in that they went about their tasks nearly every day and kept at it as long as it took to achieve their goals.

Similarly, in the present case, Plaintiff testified that he ventured out nearly every day, for four to six hours, in order to obtain sufficient goods to support his drug habit. AR 40–41. As the ALJ stated in finding the activity constituted substantial gainful activity, Plaintiff

> travel[ed] to and from the sites of his thefts and lift[ed] and carr[ied] the items in such a manner as to avoid detection. He has remained out of jail for almost two years despite this activity and thus it indicates a significant amount of thought and planning required to continue with the claimant's shoplifting without being apprehended. Based on the claimant's own admissions, this activity is performed on a regular and ongoing basis.

(AR 12). There is therefore substantial evidence to support the ALJ's conclusion that the activity required by Plaintiff to steal involved significant physical or mental activities.

■ As to the activity being gainful, Plaintiff testified that he used the money he raised by selling his stolen merchandise to purchase drugs at the rate of $50 to $80 a day. AR 38–40. Therefore, Plaintiff had to have raised $900 to $2400 per month, which is far in excess of the presumptive level of "gainful" activity of $500 per month set forth in the Regulations. 20 C.F.R. §§ 404.-1572(b), 416.972(b). There is a presumption of substantial gainful activity if the claimant earned over the amount specified in the regulations. *Keys v. Sullivan*, 894 F.2d 1053,

1056 (9th Cir.1990). Petitioner failed to rebut the presumption of substantial gainful activity and instead, as set forth above, his testimony actually supported the ALJ's decision that his activity was both substantial and gainful.

The fact that Plaintiff's activities were illegal has no effect on the fact that the activity was substantial and gainful. Neither the Regulations nor the statute distinguish criminal activity from legal activity or imply that criminal activity cannot constitute substantial gainful activity. *See, e.g.*, 20 C.F.R. §§ 404.-1571–76. Therefore, the decision of the ALJ must be upheld.

Plaintiff next argues that the Defendant failed to supply a complete transcript of the administrative proceedings when requested by the Plaintiff. A page from the hearing testimony was omitted by the Defendant when the answer was filed, however, the page was supplied by the Defendant when apprised of the error. A review of the page submitted reveals no evidence which would have been imperative for Plaintiff's argument and therefore, any error was harmless.

■ Plaintiff is correct in noting that the ALJ did not append the Psychiatric Review Technique Form to his decision. However even assuming this oversight constituted error, the error was harmless. Because the ALJ found that Plaintiff was engaging in substantial gainful work activity, there was no need for him to go beyond the first step in the sequential evaluation process and to examine Plaintiff's physical or mental condition. *See, e.g. Clem v. Sullivan*, 894 F.2d 328 (9th Cir.1990).

Finally, contrary to Plaintiff's claims, it does not thwart the purposes of the Social Security Act to deny benefits to one who engages in substantial criminal activity to support a drug habit. In fact, in the present case, Plaintiff's monthly earnings have continued, if not increased since the days when he worked as a farm laborer. Granting benefits to Plaintiff would, in effect, require the

---

**2.** Substantial gainful activity is defined as work activity that involves doing significant physical or mental activities on a full or part-time basis, and the type of work that is usually done for pay or profit, whether or not any profit is actually realized. *See, Katz v. Secretary of HHS*, 972 F.2d 290, 292 (9th Cir.1992).

taxpayers to subsidize Plaintiff's criminal activities. From a policy point of view, if an ALJ were prohibited from considering gains acquired from illegal activities, this could create an incentive to participate in illegal activities. If the Plaintiff stops participating in the criminal activity, Plaintiff would not be engaging in substantial gainful activity and he could reapply for benefits at that time. This policy therefore creates a disincentive to participate in criminal activities.

## CONCLUSION

Based on the foregoing, the Magistrate Judge recommends that the final decision of the Secretary denying the Plaintiff benefits be AFFIRMED. I further recommend that Plaintiff's Motion for Summary Judgment and/or Remand be DENIED and Defendant's Motion for Summary Judgment be GRANTED.

This report and recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten *court* days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Replies to the objections shall be served and filed within ten (10) *court* days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1).

FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE MAGISTRATE JUDGE'S FACTUAL FINDINGS, BUT WILL NOT AFFECT YOUR RIGHT TO APPEAL THE CONCLUSIONS OF LAW.

* Note: Werth Engineering Dismissed May 23, 1991.