37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gary PLOOF, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-15454.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 21, 1994.
 
 1
 Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Gary Ploof appeals the district court's order granting summary judgment in favor of the Secretary of Health and Human Services (Secretary) in Ploof's action for social security disability insurance benefits and supplemental security income benefits based on disability under Titles II and XVI of the Social Security Act, 42 U.S.C. Secs. 401-403, 1381-83. Ploof contends the district court erred by granting summary judgment because the Secretary's decision denying Ploof benefits was not supported by substantial evidence. Ploof also asserts that the Secretary did not apply proper legal standards in reaching her decision. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 We review de novo the district court's grant of summary judgment. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). We will not disturb the Secretary's decision to deny benefits if it is supported by substantial evidence and free of legal error. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). Where the record supports the Secretary's decision but contrary evidence exists, this court will not substitute its judgment for that of the Administrative Law Judge ("ALJ"). Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir.1989).
 
 
 5
 Ploof applied for benefits on April 6, 1990. Ploof claimed disability from back problems caused by an accident with a snow plow on February 12, 1989. Following an administrative hearing in February, 1991, the ALJ issued a decision on May 6, 1991, finding that Ploof was not disabled because he could perform his previous relevant work as a barber. Therefore, Ploof was not entitled to receive benefits. The ALJ's decision became final on November 21, 1991, when the Appeals Council declined to review it. Ploof and the Secretary then brought cross-motions for summary judgment in the district court. On January 11, 1993, the district court affirmed the ALJ's decision and entered judgment in favor of the Secretary. Ploof now appeals the judgment from the district court.
 
 
 6
 Ploof was 46 years old when he applied for benefits. At the hearing before the ALJ, Ploof testified that he was a high school graduate, and had attended barber college and heavy equipment operating night school. He had worked full time as a heavy equipment operator from 1969-1976, and "off and on" as a barber from 1964 or 1965 until February, 1990. He stopped working as a barber in February, 1990, due to lack of work.
 
 
 7
 Ploof testified about his disabling pain. He testified that he could not bend, complete haircuts, work over three hours a day, stand for more than ten minutes at a time, walk for ten minutes, or lift more than 10 lbs.
 
 
 8
 The medical evidence in the administrative record included the treatment notes of Justine English, M.D. On May 1, 1989, Dr. English diagnosed a "mild degenerative change at [the] L4-5 level of the lumbar spine." On August 28, 1989, Dr. English referred Ploof to Ruth Alford, a physical therapist at the Sierra Rehabilitation Center. Ms. Alford initially evaluated Ploof on September 6, 1989. Ploof completed nine physical therapy sessions on September 27, 1989, and was considered ready to continue independently on a home program. Ms. Alford reported that as of September 22, 1989, Ploof reported no pain with therapy or with usual activity. She noted that Ploof reported he had roofed a shed and experienced tension and tingling as a result. Ms. Alford stated that Ploof had all the "tools" necessary to begin a return to productive work.
 
 
 9
 In March, 1990, Dr. English referred Ploof to Laura J. Anderson, M.D., a neurological surgeon, for treatment of his low back pain. Upon examination in March, 1990, Dr. Anderson found: "No paraspinous muscle spasm. The patient is able to bend over and touch his feet without difficulty. Extension and lateral flexion do not cause a significant amount of pain." Dr. Anderson's neurological findings revealed no abnormalities. On April 6, 1990, Dr. Anderson performed an MRI which revealed multiple degenerative changes, most notable at L2-3, L4-5, and L5-S1. A minor disc bulge was detected at L5-S1, but did not appear to be causing nerve root encroachment. Dr. Anderson did not consider these abnormalities amenable to surgery, and she recommended continued conservative treatment by Dr. English or by a specialist in physical medicine and rehabilitation. Dr. Anderson assessed that Ploof could sit/stand/walk for 3 hours in an 8 hour workday, and lift 10-20 lbs. occasionally, but not frequently. She stated that Ploof had a limited ability to climb, crouch, crawl, bend, stoop or kneel.
 
 
 10
 The additional medical evidence in the administrative record was the report prepared in March, 1991, by Edwin Schottstaedt, M.D., a Board-certified orthopedic surgeon, to whom Ploof had been referred by the Disability Branch of the Department of Social Services. Dr. Schottstaedt noted that Ploof got on and off the examination table without difficulty. Dr. Schottstaedt's examination of the lumbar spine revealed that forward and lateral flexion were accomplished only to the knees with evidence of paraspinous muscle spasms, reversal of the lumbar curve, and tenderness. Dr. Schottstaedt assessed that Ploof could stand/walk for 2 hours in an 8 hour day, and sit for 3 hours in an 8 hour day. Dr. Schottstaedt felt that Ploof could lift only 10-20 lbs. "minimum occasionally". Dr. Schottstaedt felt that Ploof could occasionally climb, balance, stoop, crouch, kneel, and was able to operate a motor vehicle.
 
 
 11
 On the basis of this evidence, the ALJ concluded that (i) Ploof "is suffering from degenerative disc disease with a minor disc bulge"; (ii) Ploof's "testimony regarding his pain and other limitations was not found to be fully credible, especially when compared to the objective medical evidence of record"; (iii) Ploof "is limited to lifting no more than 20 pounds at a time and is limited in his ability to stand, walk and sit"; (iv) Ploof's "past relevant work as a barber allowed him to take rest periods as needed"; and (v) Ploof "is capable of returning to his past relevant work as a barber and cannot be found under a disability".
 
 
 12
 If a claimant for disability benefits, such as Ploof, is determined to retain the ability to perform his "past relevant work", he will not be found to be disabled. 20 C.F.R. Sec. 404.1520(e). The regulations provide that: "We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. Sec. 404.1565(a) (emphasis added). It is undisputed that Ploof worked as a barber within the past 15 years, and was skilled at this work. The issue Ploof raises on appeal is that his past work as a barber was not substantial gainful activity ("SGA"). Ploof contends that the ALJ concluded Ploof's part-time work as a barber was "non-substantial gainful activity". Appellant's Opening Brief, p. 9. Ploof is incorrect. First, the ALJ did not make such finding. The ALJ found only that Ploof's part-time work after the onset of his alleged disability on February 12, 1989, was not SGA because Ploof's net earnings of only $152.33 per month during that period alone did not establish presumptive SGA.
 
 
 13
 Secondly, part-time work can constitute SGA. 20 C.F.R. Secs. 404.1572(a), 416.972(a); Katz v. Secretary of HHS, 972 F.2d 290, 292 (9th Cir.1991); Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir.1990). The uncontroverted evidence established that Ploof's part-time work as a barber was SGA. Ploof's earnings record showed that he earned between $3,952 and $7,333 per year in every year from 1980 through 1987, inclusive. All of these earnings must have resulted from Ploof's previous work as a barber, because he testified he stopped working as a heavy equipment operator in 1976, and he acknowledged no other work activity since 1965. Earnings in excess of $300 per month for calendar years 1980 through 1989 establish that a claimant has engaged in presumptive SGA during those years. 20 C.F.R. Secs. 404.1574(b)(2)(vi), 416.974(b)(2)(vi). Therefore, Ploof engaged in presumptive SGA as a barber throughout this entire eight year period. Further, Ploof presented no evidence to rebut the presumption of SGA and, therefore, failed to sustain his burden of rebutting the presumption that his previous work as a barber was SGA.
 
 
 14
 "Substantial evidence" means more than a scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion based on the record as a whole. See, e.g., Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). A disability claimant "bears the initial burden of establishing disability by showing that a physical or mental impairment prevents him from engaging in any of his previous occupations." Sanchez v. Secretary of HHS, 812 F.2d 509, 510 (9th Cir.1987). Ploof contends on appeal that substantial evidence is lacking to support the ALJ's decision because no physician affirmatively stated that Ploof could continue to perform his previous work as a barber. Appellant's Opening Brief, pp. 4, 6. Ploof is incorrect. Ploof had the initial burden of proving he could not perform his previous work as a barber. Ploof did not sustain his burden of proof. And, although the Secretary did not have to produce medical evidence affirmatively establishing Ploof's ability to perform his previous work as a barber, the ALJ's decision that Ploof could return to this past relevant work as a barber was supported by substantial evidence, which included the fact that Ploof did return to work as a barber after the accident, despite the alleged disability.
 
 
 15
 The Secretary's finding that Ploof was capable of returning to this past relevant work as a barber was supported by substantial evidence in the record. It was not error to grant summary judgment in favor of the Secretary.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3