113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce ENDICOTT, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 96-35194.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1997.*
Decided May 12, 1997.
 
 1
 Before: SKOPIL, BRUNETTI, and KOZINSKI, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Bruce C. Endicott appeals the denial of social security disability benefits. His medical records show that he suffers from a combination of musculoskeletal impairments. An ALJ found, however, that Endicott's impairments were not disabling, that Endicott could return to his former occupation, and that he had the residual functional capacity to engage in other jobs identified by a vocational expert. There is substantial evidence to support the ALJ's findings. Accordingly, we affirm.
 
 
 4
 Endicott argues that his impairments are severe and should have been deemed to be disabling. Specifically, he relies on his treating physician's opinion that his condition satisfies 20 C.F.R. pt. 404, subpart P, app. 1, § 1.05(C). We disagree. Dr. Hacker's opinion does not include any statements regarding Endicott's sensory loss and reflex abnormality that are required by section 1.05(C). Moreover, the opinion is dated April 6, 1993, but the record discloses that Endicott had not been examined by Dr. Hacker since June 1992. Finally, we agree with the ALJ that Endicott's medical record does not support the doctor's conclusion that the severe abnormalities specified in section 1.05(C) had persisted for the requisite twelve continuous months. Rather, those medical records show that Endicott's condition improved considerably after surgeries in 1990 and 1993. We conclude that the ALJ gave clear and convincing reasons for rejecting Dr. Hacker's opinion. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir.1993).
 
 
 5
 The ALJ acknowledged that Endicott's impairments could reasonably be expected to produce pain and to reduce his functional capacity for work-related activity. To determine whether Endicott could return to his former job or perform other work, the ALJ adopted the functional capacity limitations outlined by Dr. Hacker. Based on those limitations, a vocational expert testified that Endicott could return to his former work as a musician. When asked to assume further limitations as described by Dr. Hacker in a subsequent letter, the expert testified that Endicott could work as a music tutor for six-hour periods and earn enough money to be gainfully employed. Finally, the vocational expert assumed that Endicott's pain interferes with the performance of complex tasks, and concluded that Endicott could still perform a restricted range of specified light and sedentary work. Based on these responses, the ALJ determined that Endicott was not disabled.
 
 
 6
 Endicott challenges this determination on several grounds. First, he contends that a musician and music tutor are classified in the Dictionary of Occupational Titles (DOT) as "light" work requiring exertional activities beyond those specified by Dr. Hacker. Specifically, he argues that any job classified as light work requires more walking, standing and lifting than he can do. The ALJ, however, is not bound by DOT definitions; rather, the ALJ may rely on the testimony of the vocational expert even if it is inconsistent with the DOT's job descriptions. See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995); Moncada v. Chater, 60 F.3d 521, 524 (9th Cir.1995). Endicott also disputes that a part-time position qualifies as "substantial gainful activity." We have held, however, that part-time work may constitute substantial employment. Katz v. Secretary, 972 F.2d 290, 292 (9th Cir.1992); Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir.1990).
 
 
 7
 Endicott next argues that disabling pain prevents him from performing any of the jobs identified by the vocational expert. The ALJ rejected this contention, finding that Endicott's subjective allegations of pain were strongly contradicted by medical records from his treating sources, that there was no evidence of intervention for treatment of acute exacerbations, hospitalizations, or aggressive treatment, and that Endicott chose conservative treatment which his doctors reported as satisfactory. Moreover, the ALJ examined Endicott's extensive daily life, noting that he attended law school full-time, worked part-time, occasionally engaged in strenuous exertional activity, and apparently continued to work to some degree as a musician during the adjudicatory period. The ALJ thus offered clear and convincing justifications for rejecting Endicott's claims of disabling pain. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.1996).
 
 
 8
 Finally, Endicott argues that he cannot work because he must lie down for several hours during each eight-hour period, a condition which the vocational expert testified would preclude substantial gainful activity. The ALJ, however, properly rejected Endicott's claim that he suffers such debilitating pain as inconsistent with the medical evidence and Endicott's daily activities. Thus, the vocational expert's opinion has no effect on the disability determination because it "was based on limitations which the ALJ had properly rejected." Gomez v. Chater, 74 F.3d 967, 970 (9th Cir.), cert. denied, 117 S.Ct. 209 (1996).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3