141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry PEARSON, Plaintiff-Appellant,
v.
John J. CALLAHAN, Commissioner of Social Security, Defendant-Appellee.
 No. 97-15804.
D.C. NO. CV-95-1821-CAL.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 12, 1998.[2]
Decided March 31, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California Charles E. Legge, District Judge, Presiding.
 
 
 2
 Before SKOPIL and KOZINSKI Circuit Judges, and WEINER,[3] Senior District Judge.
 
 MEMORANDUM[1]
 
 3
 Larry Pearson appeals from a district court order, affirming a decision of an ALJ, denying his application for disability insurance benefits. The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 Pearson first argues that the medical testimony obtained by the ALJ from Dr. Palmer was not credible because the expert was only to "some extent" familiar with Appellant's lateral sclerosis condition. The District Court determined, however, that even if it were to "assume that Dr. Palmer's testimony was not reliable, sufficient evidence exists in the record to support the ALJ's decision." (E.R.38). This conclusion was not error since, as the district court found, the ALJ also considered the reports by Drs. George, Klein and Karem regarding Pearson's functional capacity from 1980 through 1987 in finding that Appellant was, prior to his last insured date of December 31, 1987, capable of sedentary work. (E.R.8). Thus the record shows that substantial evidence existed for the ALJ's inference that Appellant's onset date was after his last insured date of December 31, 1987.
 
 
 5
 Pearson next makes several arguments that the ALJ committed error in assessing his credibility. "When the decision of an ALJ rests on a negative credibility evaluation, the ALJ must make findings on the record and must support those findings by pointing to substantial evidence on the record." Ceguerra v. Secretary of Health and Human Services., 933 F.2d 735, 738 (9th Cir.1991). As the District Court noted, the ALJ's decision contains an extensive discussion of the inconsistent evidence and the reasons that the ALJ found Appellant's testimony to be not credible. (E.R.36). In determining that Pearson's subjective complaints of pain were not credible, the ALJ considered a variety of factors, including: the lack of medical treatment obtained by Appellant, his day and recreational activities, his work as a handyman, and the medical expert's opinion. (E.R.9-11).
 
 
 6
 Pearson argues that the ALJ should not have considered the lack of medical treatment sought by Appellant in assessing his credibility because Pearson provided reasons for not seeking care. In fact, the ALJ noted Appellant's reasons that he had a limited income and had been told as a child that nothing could relieve his cerebral palsy. (E.R.9). The ALJ also noted, however, that in addition to not seeking medical assistance to relieve his pain, Pearson failed to attend all but one of his consultive examination appointments made in anticipation of an earlier disability claim. The ALJ concluded that if his condition was as painful as he claimed, "one would think that ... any medical attention would be welcome." (E.R.9).
 
 
 7
 Second, Appellant argues that the ALJ should not have considered his recreational activities of hunting and fishing in determining that his subject complaints of pain were not credible. He notes that those activities were performed while he was sitting in his truck or lying across the truck bed and only for short periods of time. The ALJ discussed these limitations and noted that Appellant's performance of these activities, even in a reclining position, was inconsistent with his claim that his condition was too painful to allow for sedentary work. Additionally, the ALJ noted that Appellant vacuumed, shopped once or twice a week, washed dishes day, cooked at least one meal a day, drove his automobile and socialized sporadically. The ALJ concluded that these activities were inconsistent with the claim by the Appellant that his condition caused too much pain for him to be able to do even sedentary work. (E.R.10).
 
 
 8
 Third, Pearson argues that the ALJ should not have considered his attempts to work as a handyman or to establish a self-employment business as a cabinetmaker in determining his credibility. He relies on this Court's decision in Kornock v. Harris, 648 F.2d 525, 527 (9th Cir.1980), that "[t]he ability to work only a few hours a day or only on an intermittent basis is not the ability to engage in substantial gainful activity." However, the ALJ correctly noted that "even part-time work may constitute substantial gainful activity under the Social Security Act." (E.R.9); see Katz v. Secretary of Health & Human Service, 972 F.2d 290, 292 (9th Cir.1992) (citing 20 C.F.R. § 404.1572(a) (1991)).
 
 
 9
 Regardless of whether these attempts at working constitute substantial gainful activity, nothing in these citations prohibits the ALJ from considering these attempts in determining Appellant's credibility. As evidence of Pearson's exertional activities that was inconsistent with his subjective testimony, it was clearly relevant to the ALJ's credibility determination.
 
 
 10
 Lastly, Pearson argues that the ALJ should not have considered Dr. Palmer's opinion that Pearsons's disabilities "would not cause the type and degree of pain alleged." Appellant claims that Dr. Palmer's opinion was unreliable. The ALJ, however, found Dr. Palmer's testimony consistent with the reports by Drs. George, Klein and Karem and determined that Dr. Palmer's opinion was substantiated by Appellant's own statements made at or before his last insured date. (E.R.11). Again, regardless of whether Dr. Palmer's expert testimony is reliable, the ALJ did not base his credibility determination on the doctor's testimony alone and, in fact, had sufficient evidence to determine that Appellant's complaints of pain were not credible.[4]
 
 
 11
 Pearson next argues that the ALJ's finding that he retained the residual functional capacity to perform sedentary work was not supported by substantial evidence. We cannot agree. Dr. Klein indicated that Appellant could engage in full-time work but did not specify at what level. (E.R.6) Additionally, Dr. Karem stated that Appellant could sit 5 hours, stand 3 hours and walk 2 hours per 8 hour work day. Although Pearson argues that his ability to sit for only 5 hours per day precludes him from being able to perform sedentary work, as the district court pointed out, Pearson has mischaracterized the requirements for sedentary work found in SSR 83-10. The regulation describes the minimum amount of time a person who is performing sedentary work can be expected to stand or walk. Substantial evidence in the record indicates that Pearson not only meets this minimum but exceeded it.
 
 
 12
 Substantial evidence also supported the ALJ's rejection of the opinion of Dr. Newkirk that Pearson had been disabled since 1983. That opinion was inconsistent with the other medical evidence, was contradicted by Appellant's own contemporary statements, and was based on an exam conducted in 1989--some six years after the proffered onset date.
 
 
 13
 Finally, Pearson argues that the ALJ erred in framing the hypothetical question posed to the vocational expert without including all of Appellant's limitations. The ALJ need only accept hypothetical questions that are based on substantial evidence and accurately reflect the Appellant's limitations. See Copeland v. Bowen, 861 F.2d 536, 540-41 (9th Cir.1988). The ALJ noted that he framed the hypothetical questions with all of the restrictions outlined in Dr. Karem's report. (E.R.11). The ALJ specifically chose not to accept the additional limitations suggested by Appellant because the ALJ determined that those restrictions were not based on substantial evidence. (E.R.12). Other than Dr. Newkirk's report and testimony, the record contains no evidence that Appellant required the additional limitations, and, as noted above, the ALJ did not err in rejecting Dr. Newkirk's opinion.
 
 
 14
 AFFIRMED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [3]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [4]
 We also find meritless Pearson's argument that the ALJ did not follow the two step process described in SSR 96-7p to evaluate his symptoms of pain. Even though there was some question as to whether Pearson's condition could reasonably be expected to produce his pain, the ALJ evaluated the extent of his pain using the correct analysis, finding that Appellant's pain at or before the insured date was not substantiated by the objective medical evidence. (E.R.8-9). He then evaluated Pearson's credibility based on a number of factors found in the record. (E.R.9-10). Thus, the district court did not err when it found the ALJ did follow the two-step process in SSR 96-7p