**Catherine A. DOTSON, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 02–35057.
D.C. No. CV–00–06300–MA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2003.

Decided Aug. 6, 2003.

Before GOODWIN, HUG, and BERZON, Circuit Judges.

MEMORANDUM *

Catherine Dotson appeals the district court's judgment affirming the Commissioner's final decision that she was not disabled under Title II of the Social Security Act. We reverse and remand with instructions for additional findings on the extent and nature of Dotson's alleged disability.

The facts of this case are familiar to the parties and we recite them here only to the extent necessary. Dotson filed an application for disability benefits in August 1997, claiming that her condition of fibromyalgia prevented substantial gainful employment starting from April 1996.

Dr. Andresen, Dotson's treating physician, wrote to the Commissioner and stated that Dotson was capable of working only four hours a day, on a part-time basis. "As a general rule, more weight should be given to the opinion of a treating [physician] than to the opinion of doctors who do not treat the claimant." *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995) (citations omitted). Here, the Administrative Law

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Judge (ALJ) rejected Dr. Andresen's opinion because the treatment notes did not mention physical limitations and suggested conservative treatment measures. We believe these reasons are neither "specific" nor "legitimate" to warrant rejection of Dr. Andresen's expert opinion. *Id.* (quoting *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir.1983)). We cannot determine whether Dr. Andresen's expert opinion warrants rejection as the record now stands; therefore, we remand for further findings consistent with the burden of "setting out a detailed and thorough summary of the facts and conflicting clinical evidence ..." *Cotton v. Bowen,* 799 F.2d 1403, 1408 (9th Cir.1986).

■ We recognize that a claimant's past ability to engage in part-time work may be enough to find that a claimant is capable of substantial gainful employment. *See Katz v. Sec'y of Health & Human Servs.,* 972 F.2d 290, 292 (9th Cir.1992). However, the ability to engage in such work is not dispositive. *Compare* Soc. Security Rul. 96–8p, 1996 WL 374184 (1996) (ordinarily, only full time work is pertinent in assessing functional residual capacity). The ALJ made no determination regarding whether Dotson's past part-time work constituted *substantial* gainful employment, or whether she could continue to work as much as she did in the past. Thus, while Dotson's past part-time work as an admissions clerk, secretary, and bookkeeper may be relevant, the record, as it now stands, does not provide an adequate basis for a denial of disability benefits.

■ Finally, we believe the district court should not have discounted Dotson's testimony regarding her pain and fatigue without further findings on the matter. The ability to perform household chores and engage in social relations outside of the home does not necessarily indicate lack of a disability. *See Fair v. Bowen,* 885

F.2d 597, 603 (9th Cir.1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace ..."). The record needs further development on this issue as well.

REVERSED and REMANDED.