**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NANCY COOMER, as personal
representative of the estate and on behalf
of Danny Coomer, deceased,

    Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant - Appellee.

No. 09-15061

D.C. No. 4:06-cv-00629-CKJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted January 4, 2011[**]

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Nancy Coomer appeals pro se the district court's decision affirming the

Commissioner's determination that her late ex-husband Danny Coomer

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("Coomer") was ineligible for disability insurance benefits under Title II of the Social Security Act for the period from January 1994 through December 1995. Although Coomer was determined to be disabled due to Crohn's disease and related secondary impairments as of September 3, 1985, an Administrative Law Judge (ALJ) in 2006 found that Coomer's entitlement to benefits ended on March 31, 1994, because he was at that time engaged in substantial gainful activity (SGA). The district court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Appellant first contends the ALJ erred in ruling that Coomer's medical condition was irrelevant to the determination whether he was engaged in SGA in 1994 and 1995. We disagree. Where a claimant has previously been found to be disabled within the meaning of the Social Security Act, his eligibility for disability benefits may cease, regardless of his medical condition, if he is found upon any statutorily mandated review to have engaged in SGA. *See* 42 U.S.C. §§ 421(I), 423(f); 20 C.F.R. §§ 404.1594(d)(5), 404.1595(f)(1); *Katz v. Sec'y of Health & Human Servs.*, 972 F.2d 290, 293 (9th Cir.1992) (holding that it is not necessary to show medical improvement where SGA is the issue in a disability benefits termination case).

Appellant further contends the ALJ erred in finding, based on conflicting testimony from Coomer and other witnesses, that Coomer contributed over half the time required for management of his feed business in 1994 and 1995, and that those services amounted to SGA. We reject this argument.

In finding that Coomer contributed "more than half the total time required for the management" of his feed business, and that he was thus engaged in SGA, 20 C.F.R. §§ 404.1575(a)(2) & (b)(1), the ALJ relied primarily on admissions Coomer made during his testimony at an April 2000 hearing about the operation of his business. The ALJ rejected later inconsistent testimony about the allocation of responsibilities between Coomer and one of his employees, Christopher Stump, and the report of a certified rehabilitation counselor, David Goguen, who relied on Stump's testimony and the United States Department of Labor's *Dictionary of Occupational Titles,* to opine that Coomer did not perform more than half of the required management duties. While the Secretary may rely on that dictionary to characterize a claimant's "past relevant work" for purposes of a Step Four "residual functional capacity" determination, *Villa v. Heckler*, 797 F.2d 794, 798-99 (9th Cir. 1986), nothing in the regulations or case law requires him to do so with respect to an SGA determination.

In any event, the ALJ clearly considered Goguen's testimony, but properly rejected it because it was based on the later testimony of Stump, in 2005, who contradicted Coomer's earlier testimony, in 2000, about the allocation of responsibilities between him and his employees. The ALJ also considered and properly evaluated *all* of the evidence in the record. She applied the proper legal standards, and her finding of SGA in 1994 and 1995 is supported by substantial evidence.

**AFFIRMED**.