992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chua LY, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary of Health and
Human Services, Defendant-Appellee.
 No. 92-15051.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1993.
Decided April 30, 1993.
 
 Before: GOODWIN, HUG and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chua Ly appeals the district court's order granting summary judgment to the Secretary of Health and Human Services ("Secretary") and denying her benefits under Title XVI of the Social Security Act. We affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 Chua Ly is a 55-year-old[1] Hmong immigrant from Laos who came to the United States in 1976. She does not speak English and is illiterate in her own language. She applied for Supplemental Security Income ("SSI") disability benefits in May 1988 because of impaired vision in her left eye. After a hearing in March 1989, an ALJ determined that she was not disabled.
 
 
 4
 At the hearing, Ly testified that she lost vision in her left eye in 1985, and that she has had problems with her right eye since childhood. She explained that, as a result, her activities are severely curtailed. Her husband generally does all of the housework and cares for those of their eleven children who live at home. Ly stated that she has never worked outside the home in this country.
 
 
 5
 Ly also testified that she has back pain, which she apparently attributes to a caesarean section, and for which she is being treated by a Thai doctor whose name she does not know. She takes medications and gets massages from her family members for this pain.
 
 
 6
 Ly explained to the ALJ that she worked as a subsistence farmer in Laos. She walked two to three hours each day to the family field, where she cultivated corn and rice. She carried 50 to 100 pound baskets on her back as part of this work.
 
 
 7
 Ly submitted doctors' reports and some hospital records to support her claim. An ophthalmologist who evaluated Ly's eyes in December 1987, Dr. Sakavye, determined that she had a "severe pterygium" (fold of membrane) in her left eye which obstructs her vision. Dr. Sakavye further noted in his report that the pterygium could be surgically removed, and that the prognosis was good if there was no recurrence.
 
 
 8
 Ly's right eye vision was measured at 20/200. The ophthalmologist noted, however, that Ly did not cooperate in the testing process and, since there were "no physical reasons for [the] vision in [the] right eye to be that severe," he expected that it was actually 20/30. (Certified Record of Social Security Proceedings at 122.) Ly has not had the recommended eye surgery.
 
 
 9
 The hospital records of Ly's 1987 caesarean section indicate that Ly tolerated the procedure well and was released in three days. There is no mention of back complications in connection with the surgery.
 
 
 10
 Ly was also examined by a psychiatrist who found no evidence of mental disease; he "didn't even notice depression" in Ly. (Id. at 125.)
 
 
 11
 Two vocational experts were called as witnesses at the hearing. The Secretary's expert testified that agricultural jobs existed in the local economy for which Ly was qualified. Ly's expert opined that because of Ly's poor eyesight and the fact that she is unable to communicate in English, she was not able to work in the fields.
 
 
 12
 The ALJ determined that Ly was not disabled and therefore not eligible for benefits. He found that the loss of vision in the left eye was not a severe impairment since it could be surgically corrected, and that the alleged impairment in her right eye had not been clinically established. He further found that, in light of her past work experience as a farm laborer in Laos, she was capable of engaging in work at the medium level of exertion and that there were agricultural jobs available in the San Joaquin Valley for which she was qualified, notwithstanding her inability to communicate in English. In this regard, the ALJ noted that he found that Secretary's vocational expert to be the more credible witness with respect to assessment of Ly's employment potential. He did not make explicit credibility findings as to Ly's testimony, however.
 
 
 13
 Ly requested Appeals Council review. The Appeals Council declined such review and let stand the ALJ's decision as the final decision of the Secretary. Ly then filed a complaint in district court, alleging that the Secretary's determination was not supported by substantial evidence. With the consent of the parties, the case was assigned to a magistrate judge, who granted summary judgment in favor of the Secretary.
 
 
 14
 This appeal followed.
 
 DISCUSSION
 
 15
 In order to establish eligibility for SSI benefits, a claimant must show that she has a physical or mental impairment of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B); Quang Van Han v. Bowen, 882 F.2d 1453, 1456 (9th Cir.1989). In determining whether an individual meets this definition, the adjudicator follows a five-step procedure outlined in 20 C.F.R. § 416.920. Under the prescribed analysis, if the claimant fails to demonstrate an impairment of sufficient severity such that the claimant automatically qualifies as disabled, the adjudicator must then consider whether the impairment shown nonetheless prevents the claimant from performing her past work or other work in the national economy. 20 C.F.R. § 416.920; Han, 882 F.2d at 1456. To establish the impairment and its severity, the claimant must provide acceptable medical evidence. 20 C.F.R. §§ 416.908, 416.912-.913. The burden is on the claimant to establish disability. Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir.1990).
 
 
 16
 A court cannot set aside a denial of benefits unless "the Secretary's findings are based upon legal error or are not supported by substantial evidence in the record as a whole." Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Id. (quoting Richardson v. Perales, 402 U.S 389 (1971)). Where evidence is conflicting or inconclusive, the reviewing should affirm. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984).
 
 
 17
 Ly first contends that the Secretary's decision cannot be upheld because in rendering his decision, the ALJ improperly discounted her testimony without making credibility findings.
 
 
 18
 An ALJ must make explicit credibility findings "whenever credibility is a critical factor in the Secretary's determination." Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir.1990). We have held, for example, that once a claimant produces objective evidence of an underlying medical condition, the adjudicator cannot reject the claimant's testimony regarding degree of pain without appropriate credibility findings. Bunnell v. Sullivan, 947 F.2d 341, 345, 348 (9th Cir.1991). This is because the effects of pain, a subjective phenomenon, cannot be scientifically measured. Id. at 347. Nonetheless, a claimant cannot qualify as disabled based solely on testimony that is not substantiated by medical evidence. See 20 C.F.R. §§ 416.908, 416.912-.913; Bunnell, 947 F.2d at 344 ("[A] claimant will not be considered disabled based solely on subjective complaints of pain.")
 
 
 19
 Here, the asserted disability could be objectively measured, and the medical evidence did not support Ly's claim of disabling visual impairment. The ophthalmologist determined that she had good vision in one eye and that a surgical procedure could correct the impairment in the other. Cf. 20 C.F.R. pt. 404, subpt. P, app. 1 (eyesight considered impaired when remaining vision in better eye after best correction is 20/200 or less). Similarly, there was no objective evidence to support Ly's claim that she suffered from disabling back pain. It was unnecessary for the ALJ to make credibility findings when Ly had not submitted the necessary medical evidence. Such credibility findings could not have altered the Secretary's conclusion.
 
 
 20
 Because of the complete lack of medical evidence in Ly's favor, we also reject her contention that the ALJ's finding of no severe impairment was not supported by substantial record evidence.
 
 
 21
 After the ALJ determined that Ly had not demonstrated a severe impairment, he nonetheless considered whether, even assuming such an impairment, her education, age and experience would prevent her from doing agricultural work in this country. See 20 C.F.R. § 416.920(f). The ALJ concluded that she was capable of such medium exertion work. Pursuant to the table in Appendix 2 of subpart P to part 404 of the regulations, this determination indicated a finding of no disability. 20 C.F.R., pt. 404, subpt. P, app. 2, tbl. 3. Ly contests the ALJ's determination as to her exertional capability.
 
 
 22
 The ALJ's conclusion was substantially supported by the record. Ly testified that, in Laos, her work had required the regular lifting of 50 to 100 pounds. Such lifting is consistent with the definition of medium exertion work in the regulations. See 20 C.F.R. § 416.967(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying or objects weighing up to 25 pounds.") Because the farm work in Laos had been performed by Ly within the past fifteen years, it was appropriate for the ALJ to take it into account as past relevant work. See 20 C.F.R. § 416.965(a) (Secretary generally considers work done within fifteen years before onset of alleged disability); see also Han, 882 F.2d at 1456 (work in a foreign country counts as relevant past work) (citing Social Security Ruling 82-40). The medical evidence did not show a deterioration in Ly's physical capabilities such that she would no longer be able to do similar agricultural work in this country.
 
 
 23
 Alternatively, Ly contends that because her work in Laos was done to subsist rather than for profit, it was not "substantial gainful activity" and therefore cannot be considered as relevant past work experience. In support of this contention, Ly relies on Social Security Ruling 82-62, which provides that the "[c]apacity to do past work may be indicative of the capacity to engage in SGA [substantial gainful activity] when that work experience constituted SGA and has current relevance considering duration and recency."
 
 
 24
 This argument also lacks merit. Under 20 C.F.R. § 416.973, work activity is considered gainful "if it is the kind of work usually done for pay or profit, whether or not a profit is realized." Keyes v. Sullivan, 894 F.2d 1053, 1057 (9th Cir.1990). Farm work is usually done for profit. Therefore, the ALJ properly considered Ly's work in Laos in reaching his conclusion that she was capable of doing comparable paid agricultural work here. Cf. Keyes, 894 F.2d at 1056 (claimant's work writing books and administering financial affairs of church, even though unpaid, was properly considered to be gainful activity because it is the kind of work normally done for profit).
 
 
 25
 For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to the Secretary.
 
 
 
 *
 Donna E. Shalala has been substituted as defendant-appellee in this matter pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the 1989 hearing, Ly indicated that she was 51 years old. Some of the doctors who examined Ly in connection with her application for benefits noted in their evaluations that, in view of her 1988 pregnancy, she may overstate her age