9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David M. TSCHIDA, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary of Health
and Human Services, Defendant-Appellee.
 No. 92-35460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 22, 1993.
 
 Before: GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 David M. Tschida appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services, upholding the Secretary's decision that Tschida is entitled to disability benefits commencing January, not the first, 1988, but not before. Tschida challenges the sufficiency of the evidence supporting the Secretary's decision, and also alleges that his due process rights were violated by the manner in which his case was handled. Specifically, Tschida claims that the two administrative law judges assigned to his case, Judge Madden and Judge Moulaison, were biased against him and therefore should have been disqualified; that those judges conspired to deprive him of effective assistance of counsel; and that Judge Moulaison failed to develop the record during his hearing at which he ultimately appeared without counsel. None of these contentions has merit.
 
 
 3
 * Tschida first contends that ALJ Moulaison's finding regarding the onset date of his disability is unsupported by substantial evidence. Tschida argues that ALJ Moulaison failed adequately to consider his subjective complaints of pain, improperly disregarded his treating physician's opinion, and failed to call a vocational expert to testify. Contrary to Tschida's assertion, however, the Secretary's decision is supported by substantial evidence.
 
 
 4
 Under the Social Security Disability Act, a person is "disabled" if he or she is unable to engage in any "substantial gainful activity" ("SGA") in the national economy. 42 U.S.C. § 423(d)(1)(A); Penny v. Sullivan, 2 F.3d 953, No. 92-15580, slip op. 8871, 8876 (9th Cir. Aug. 16, 1993). "[A]n individual [must] be both medically impaired and unable to engage in SGA before the individual is considered disabled." Katz v. Secretary of Health & Human Services, 972 F.2d 290, 293 (9th Cir.1992) (emphasis added).
 
 
 5
 "The concept of substantial gainful activity involves the amount of compensation and the substantiality and gainfulness of the activity itself." Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir.1990). As indicated by earnings, "SGA" is ordinarily the earnings of an average of $300 or more a month in calendar years 1981-1989. 20 C.F.R. § 416.974(b)(2)(vi). Although earnings above the statutory minimum are not dispositive, "there is a presumption of ... [SGA] if the applicant earns over the amount specified in the guidelines." Keyes, 894 F.2d at 1056.
 
 
 6
 Here, Tschida earned $9,000 in 1985 and $5,500 in 1987. In 1986, Tschida was self-employed and experienced a net loss in income. Tschida's earnings in 1985 and 1987, which were well above the statutory minimum, give rise to a presumption that he was engaged in SGA. Katz, 972 F.2d at 293; Keyes, 894 F.2d at 1056; see also 20 C.F.R. § 416.974(b)(2). Further, regardless of profitability, Tschida engaged in SGA by performing work normally done to realize a profit in 1986. See 20 C.F.R. § 404.1572(b) ("Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized."); Keyes, 894 F.2d at 1056 (same).
 
 
 7
 Assuming without deciding that Tschida's pain testimony was credible, it did not overcome the presumption that he was engaged in SGA. Furthermore, neither a treating physician's opinion regarding pain nor a vocational expert's testimony regarding jobs in the national economy are necessary in determining whether Tschida actually engaged in SGA. See Katz, 972 F.2d at 293 (dismissing opinions of doctor, psychiatrist, and social worker in determining whether claimant was currently engaged in SGA).
 
 
 8
 Accordingly, substantial evidence supported the Secretary's conclusion that Tschida was engaged in SGA prior to January 1988.
 
 II
 
 9
 Tschida also contends that he was deprived of due process of law because the administrative law judges on his case were biased, conspired to deprive him of effective representation, and failed to adequately develop the record. Of the two administrative law judges whom Tschida accuses of bias, only one actually presided over the hearing in his case and therefore had anything to do with the Secretary's decision. As to that judge, Phillip Moulaison, there is no evidence that he was biased against Tschida, although he was at one point critical of Tschida's attorney, Don Burris.
 
 
 10
 The transcript of Tschida's hearing indicates that ALJ Moulaison fully and fairly developed the record through thorough questioning of Tschida regarding his injury and subsequent work experience. Finally, there is no evidence that Moulaison or anyone else conspired to deprive Tschida of effective representation of counsel. Rather, it appears that the fact that Tschida ultimately appeared pro se before the administrative law judge was the result of Tschida's own choice, made in light of the many difficulties they had encountered in scheduling a hearing that his counsel could attend.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Donna E. Shalala, the current Secretary of HHS, is substituted for former Secretary Sullivan. See Fed.R.App.Pro. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3