UNITED STATES COURT OF APPEALS
**Filed 10/2/96**
FOR THE TENTH CIRCUIT

FRANCISCO FRANCO,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

     Defendant-Appellee.

No. 96-5027
(D.C. No. 94-C-486-M)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[***] District
Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. Although the Commissioner has been
substituted for the Secretary in the caption, in the text we continue to refer to the
Secretary because she was the appropriate party at the time of the underlying
decision.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable G. Thomas Van Bebber, Chief Judge, United States District
Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Francisco Franco appeals the decision of the Secretary denying his application for disability insurance benefits because, in the view of the Administrative Law Judge (ALJ), claimant had engaged in substantial gainful activity during the period in which he alleged disability. Because the ALJ failed to consider evidence presented by claimant which may rebut the earnings presumption relied upon to support the decision, we remand this case for further proceedings.

Claimant is a dentist whose neck and shoulder were injured in an attack by a mentally retarded patient. Claimant claimed disability from June 28, 1989 through August 21, 1991. During that time, however, claimant worked two part-time jobs, one as a professor of dental materials at Lamar University, and one as an amnesty program professor at the Adult Learning Center of the Beaumont Independent School District. The ALJ, relying solely on the regulatory earnings guidelines, determined that this work activity constituted substantial gainful activity and that claimant was therefore ineligible for disability benefits.

A person who is able to engage in substantial gainful activity is not disabled. 20 C.F.R. § 404.1571. The parties do not dispute the ALJ's finding that claimant earned an average of $352.52 per month from July 1989 through December 1989, and earned an average of $540.74 per month from January 1990 through July 1991. The regulations establish that these amounts are ordinarily sufficient to demonstrate substantial gainful activity. See 20 C.F.R. § 404.1574 (b)(2)(vi), (vii). Where there is no evidence other than the amounts earned over a specific period, the determination of substantial gainful activity may be made solely on the basis of the regulatory earnings standards. See Fowler v. Bowen, 876 F.2d 1451, 1453 n.3 (10th Cir. 1989). But, where other evidence is offered, the presumption established by the regulations is rebuttable. This is clear from the titles to the earnings guidelines, 20 C.F.R. § 404.1574(a)(1)("Your earnings *may* show you have done substantial gainful activity.")(emphasis added); id. at (b)(2)("Earnings that will *ordinarily* show that you have engaged in substantial gainful activity.")(emphasis added), as well as from case law, see Jozefowicz v. Heckler, 811 F.2d 1352, 1356 (10th Cir. 1987)("Earnings guidelines in the regulations *suggest* that income [above the guidelines] *generally* is to be considered substantial.")(emphasis added); see also Payne v. Sullivan, 946 F.2d 1081, 1083 (4th Cir. 1991); Thompson v. Sullivan, 928 F.2d 276, 277 (8th Cir.

1991); <u>Keyes v. Sullivan</u>, 894 F.2d 1053, 1056 (9th Cir. 1990)(all holding guideline presumption to be rebuttable).

Factors relevant in rebutting the presumption of substantial gainful activity based on earnings alone include whether the claimant experienced significant absenteeism and rendered substandard job performance but was paid the same regardless of how much work he missed or accomplished, <u>see</u> <u>Thompson</u>, 928 F.2d at 278; whether the claimant required help from co-workers to accomplish his work, <u>see</u> <u>Katz v. Secretary of Health & Human Servs.</u>, 972 F.2d 290, 292-94 (9th Cir. 1992)(finding that ALJ properly considered all the evidence which included the claimant's testimony regarding need for help); whether the claimant could work for only brief periods of time, <u>see</u> <u>Keyes</u>, 894 F.2d at 1056, and whether he needed special accommodation from the employer, <u>see</u> <u>id.</u>

The record before us contains statements by claimant that the lectures he gave were suboptimal, <u>see</u> Appellant's App. at 157, but that his pay was no different from other workers with the same job title, <u>see</u> <u>id.</u> at 64. Further, claimant states that, in comparison to other workers, he worked shorter hours, had fewer or easier duties, required extra help, had lower production of lower quality, and was frequently absent. <u>Id.</u> Claimant indicated that he did not have to do lab work and missed work about once per month. <u>Id.</u>

There is evidence in the record from the Beaumont School District indicating that claimant "does an exceptional job," did not require any unusual assistance, and that his work was worth the amount of money he was paid. Id. at 92-93. There is no evidence, however, relating to claimant's work at Lamar University to counter the allegations made by claimant regarding any limitations experienced there.

It is possible that the ALJ considered the evidence from the school district and concluded, as the trier of fact, that it outweighed claimant's contentions. Claimant's evidence, however, may also be taken to relate to his experiences at Lamar University and, as such, is unchallenged. While we acknowledge that it is claimant's burden to prove disability, it is also the duty of the ALJ to develop the record, Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994), and to consider all the evidence, discussing the uncontroverted evidence not relied upon, Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). With no evidence to counter the rebuttal evidence offered by claimant, the ALJ could not merely rely on the numerical guidelines to arrive at his determination. He was required to consider claimant's evidence and make specific findings, which we could review, explaining why the evidence claimant offered failed to rebut the statutory presumption.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED to the district court for remand to the Commissioner for further proceedings consistent with this opinion.

Entered for the Court

Michael R. Murphy
Circuit Judge