122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles R. PILLARD, Plaintiff-Appellant,
v.
John J. CALLAHAN*, Secretary of Health and
Human Services, Defendant-Appellee.
 No. 96-35184.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 7, 1997***
Sept. 4, 1997.
 
 Appeal from the United States District Court for the Western District of Washington Franklin D. Burgess, District Judge, Presiding.
 Before: D.W. NELSON, WIGGINS, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Pillard appeals the judgment of the district court affirming the decision of the Commissioner of Social Security, which denied Pillard's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-98. Pillard asserted that he was disabled due to an injury to his lower back, which occurred in 1975, and due to psychiatric problems. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 In 1986, Pillard filed his third application for disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act, which is the subject of this appeal. In his 1989 decision, ALJ Bergtholdt expressly declined to reconsider ALJ Tunik's decision on the second application, which ruled that Pillard was not entitled to DIB benefits from 1975 to 1981 because he was not disabled during that period. ALJ Bergtholdt also noted, however, that Pillard had been disabled as of November 1975. The Office of Disability and International Operations (ODIO), which was responsible for the effectuation of ALJ Bergtholdt's order, sent an award certificate to Pillard stating that he was entitled only to benefits from 1985. Because the award certificate did not provide Pillard with the DIB benefits he desired, Pillard's attorney sent a letter "of formal protest and/ or appeal" to the ODIO.
 
 
 4
 The Appeals Council ultimately treated this letter as an appeal to the Council, vacated ALJ Bergtholdt's 1989 decision, and remanded the case to ALJ Hallam. Because transcripts of the prior hearings had been lost, however, the Appeals Council ordered a de novo hearing for Pillard's disability claim from November 1975 to March 1981. ALJ Hallam denied Pillard's application for disability insurance benefits because she found that Pillard had engaged in substantial gainful activity during the period at issue. This decision was upheld by the Appeals Council upon review, and also by the district court.
 
 
 5
 We agree that it was not improper for the Appeals Council to vacate ALJ Bergtholdt's 1989 decision and remand the case to ALJ Hallam. ALJ Bergtholdt's decision arguably could have yielded two alternative results: one interpretation conferring disability insurance benefits from 1975 to 1981 and one interpretation not granting these benefits for the same period. The ODIO interpreted the ruling such that DIB benefits would be denied for the period at issue. Because Pillard contended that the ODIO adopted the wrong interpretation of ALJ Bergtholdt's ruling, the Appeals Council properly treated Pillard's letter of protest as an appeal from ALJ Bergtholdt's 1989 ruling. Pillard was not unduly prejudiced by its decision. If the Appeals Council had not treated Pillard's letter as a request for an appeal from ALJ Bergtholdt's ruling, Pillard would have had no possibility of relief from the ODIO's limited interpretation of his award.
 
 
 6
 We also reject Pillard's alternative contention that ALJ Tunik's 1982 decision is res judicata with regard to Pillard's engagement in substantial gainful activity during the period at issue. If res judicata applies, it must apply to the whole of ALJ Tunik's 1982 decision. In that case, not only would Pillard be determined not to have engaged in substantial gainful activity, but he also would be found not disabled within the meaning of the Social Security Act.
 
 
 7
 Because Pillard's case was properly before ALJ Hallam, it was not inappropriate for her to review the entire case de novo. Only when the Appeals Council decided to grant Pillard's appeal did it realize that significant portions of the record were missing and that a remand was necessary. Pillard asserts that because the Social Security Administration was responsible for the loss of the record of his claims, any ruling adverse to him which is supported by such records should not stand, citing Fowler v. Califano, 596 F.2d 600, 604 (3rd Cir.1979).
 
 
 8
 The holding in Fowler does not apply here. In Fowler, plaintiff's request for reopening had been denied by the Secretary based on the unavailability of any record of error. Thus, the loss of the records was used to support the refusal to review the claim further. In contrast, Pillard's claim was remanded for a new review. Moreover, as we have noted, Pillard would not have received any benefits if the Appeals Council had declined to remand the case for review. Thus, the government neither benefitted nor was burdened by the decision to remand the entire case to ALJ Hallam in any way similar to the prejudice suffered by the plaintiff in Fowler. Finally, the severity of the plaintiff's multiple sclerosis in Fowler played a significant part in the Third Circuit's determination that reopening the claim was necessary. Id. at 604. In this case, it is not clear that a psychologically-induced condition should compel the same result.
 
 
 9
 Turning to the merits of Pillard's claim for relief, we must affirm the decision of the Commissioner if it is supported by substantial evidence and the Commissioner applied the correct legal standards. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). Substantial evidence is "relevant evidence a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 10
 Pillard contends that no substantial evidence supports ALJ Hallam's conclusion that he engaged in substantial gainful activity on or before March 31, 1981, the date his insured status expired. Pillard invites us to compare his medical condition at the time he completed his vocational report (March 1982) with his testimony at the hearing before ALJ Hallam in order to conclude that his somatization disorder renders his written testimony not credible. Pillard also directs us to the fact that his effort resulted in less than $500 per month in income to further support the contention that his involvement in the soda shop venture does not amount to substantial gainful activity.
 
 
 11
 Although Pillard's oral testimony at the 1992 hearing before ALJ Hallam suggests that his activity in the soda shop did not amount to substantial gainful activity, ALJ Hallam made a factual finding when she concluded that Pillard's vocational report more accurately described his involvement in the business venture. ALJ Hallam ruled that Pillard's activities as the owner of the shop, ordering materials, supervising, and recipe planning, all reflect an involvement in the venture that reached the level of substantial gainful activity. We will not revisit how ALJ Hallam weighed the accuracy of Pillard's two inconsistent statements, as her factual finding was supported by substantial evidence.
 
 
 12
 Moreover, the fact the Pillard did not receive over $500 per month in income yields only a presumption that he did not engage in substantial gainful activity. The Code of Federal Regulations states that "[w]ork activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b); Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir.1990). Because we find that ALJ Hallam's decision regarding Pillard's substantial gainful activity during the period at issue was supported by substantial evidence, we do not proceed to the remaining steps of the disability analysis.
 
 
 13
 We hold the Appeals Council was not in error when it remanded Pillard's case for a hearing before ALJ Hallam. We also hold that ALJ Hallam's conclusion that Pillard had engaged in substantial gainful activity was supported by substantial evidence.
 
 
 14
 AFFIRMED.
 
 
 
 *
 John J. Callahan, is substituted for his predecessor, Donna E. Shalala, as Secretary of Health and Human Services. Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3