139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathleen JOHNSON, Plaintiff-Appellant,
v.
Kenneth S. APFEL, Commissioner of the Social Security
Administration,** Defendant-Appellee.
 No. 97-35624.
D.C. No. CV-96-06235-MFM.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 20, 1998.
Submitted February 9, 1998***.
 
 Appeal from the United States District Court for the District of Oregon Malcolm F. Marsh, District Judge, Presiding.
 Before PREGERSON, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kathleen Johnson appeals the district court's judgment affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Johnson's application for disability insurance benefits under 42 U.S.C. § 423. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment upholding the Commissioner's denial of benefits. See Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997). The denial of benefits must be affirmed if substantial evidence supports the findings of the administrative law judge ("ALJ"), and the ALJ applied the correct legal standards. See id.
 
 
 4
 Johnson contends that the ALJ erred by rejecting her pain and functional limitations testimony as not credible. We disagree. In finding that Johnson's complaints of fatigue and pain were not fully credible, the ALJ provided sufficiently specific reasons. See Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir.1995) (per curiam).
 
 
 5
 Dr. Herman's statement that Johnson can work approximately five hours per day does not constitute a disability determination. See Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir.1990) (stating that a five-hour work day can constitute substantial gainful activity); see also 20 C.F.R. § 416.972(a) (1993).
 
 
 6
 Finally, Johnson contends that the ALJ's hypothetical to the vocational expert did not include all of Johnson's limitations. We disagree. The ALJ's hypothetical was complete given the medical evidence and testimony in the record. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989).
 
 
 7
 Because the ALJ's findings are supported by substantial evidence and the ALJ applied the correct legal standards, the district court's judgment is affirmed. See Jamerson, 112 F.3d at 1066.
 
 
 8
 AFFIRMED.
 
 
 
 **
 Kenneth S. Apfel was sworn in as Commissioner of the Social Security Administration on September 29, 1997. Therefore, Kenneth S. Apfel is substituted for John J. Callahan, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3