**Antony A. LANGE, Plaintiff—Appellant,**

v.

**Kenneth APFEL, Commissioner of Social Security, Defendant—Appellee.**

No. 00–35961.

D.C. No. CV–99–06174–DCA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2002.

Decided May 30, 2002.

---

2. *Ronconi*, 253 F.3d at 429.

3. *Provenz*, 102 F.3d at 1490.

Before TROTT and T.G. NELSON, Circuit Judges, and RHOADES,[*] District Judge.

## MEMORANDUM [**]

Antony Lange appeals the district court's order upholding the ALJ's decision to deny Lange disability benefits. We affirm the district court.

■ Substantial evidence supports the ALJ's determination that Lange was not disabled within the meaning of the Social Security Act.[1] The ALJ reviewed the examining doctors' conflicting reports and resolved the conflict in favor of the Commissioner,[2] concluding that Lange's impairment did not meet or equal a listed impairment and that he could perform his past relevant work. Although Dr. Duncan's and Dr. Shellman's reports [3] concluded that Lange could not work in the competitive job market, the reports of several other doctors indicated that Lange could perform simple, unskilled work. In addi-

---

[*] The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. See Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002) (stating that the court must affirm the denial of benefits if substantial evidence supports the ALJ's decision and the decision is not based on legal error).

2. See Morgan v. Commissioner of the Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir.1999) (noting that when the record contains inconclusive medical reports, the ALJ's function includes resolving conflicting testimony and making credibility determinations).

3. We will consider Dr. Shellman's report because the Appeals Council reviewed it, and it is relevant to Lange's claim. See Harman v. Apfel, 211 F.3d 1172, 1179–80 (9th Cir.2000) (holding that the court could consider additional materials that the ALJ did not have because the materials had been submitted to and addressed by the Appeals Council), cert. denied, 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2002); Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir.1988) (holding that medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition).

tion, the employers' reports, Lange's mother's statement, and Lange's testimony all confirm that, while Lange had problems concentrating and dealing with the public, he could perform simple tasks for a few hours a day and adequately get along with supervisors and coworkers. Such abilities would allow him to perform his past relevant work as a newspaper inserter.[4]

■ Lange's argument that the ALJ's hypothetical to the vocational expert was flawed is unpersuasive. After considering the entire record, the ALJ listed Lange's limitations and included each of those limitations in the hypothetical. The fact that the ALJ did not mention that Lange's deficiency in concentration often resulted in a failure to complete tasks in a timely manner does not render the hypothetical incomplete. Stating that Lange had deficiencies of concentration was adequate because the failure to complete tasks in a timely manner is just a result of that limitation, not a limitation in itself.[5] The ALJ's hypothetical sufficiently described Lange's limitations and provided additional support for the ALJ's conclusion that Lange could perform his past relevant work.

AFFIRMED.

---

**4.** Lange's work as a newspaper inserter was past relevant work because, despite the fact that it was part-time work, it was substantial gainful employment. *See Keyes v. Sullivan,* 894 F.2d 1053, 1056 (9th Cir.1990) (noting that part-time work can be substantial gainful activity) *(citing* 20 C.F.R. § 404.1572(a)). Lange earned more than the minimum amount necessary to establish a presumption of substantial gainful activity, and he did *not* rebut this presumption by showing that he could not perform the job or that he needed special assistance. 20 C.F.R. § 404.1574(b)(2) (setting forth the minimum amount of earnings necessary to establish the

presumption); *Keyes,* 894 F.2d at 1056 (noting that a claimant can rebut the presumption with evidence that the work was not substantial gainful activity); 20 C.F.R. § 404.1573 (describing the evidence that can rebut the presumption).

