**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KASEY JAMES VELLA,

      Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

      Defendant-Appellee.

No. 22-35222

D.C. No. 3:20-cv-06153-RAJ

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted May 10, 2023
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and IKUTA, Circuit Judges.
Dissent by Judge Ikuta.

    Kasey Vella appeals from the district court's order affirming the

Commissioner of Social Security's denial of his application for disability benefits.

Vella contends, *inter alia*, that the Administrative Law Judge ("ALJ") erred in: (1)

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

finding that his employment at Nourish Sequim was substantial gainful activity; (2) discounting his subjective testimony about the severity of his symptoms; (3) discounting his mother's lay witness testimony; and (4) discounting the medical opinions of examining physicians Dr. Kanters and Dr. Peterson. Vella seeks disability benefits for a closed period between October 9, 2010, to December 31, 2016. Vella suffers from Asperger's Syndrome, autism, ADHD, depression, obesity, and back and knee pain.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We "review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

The ALJ erred in finding that Vella engaged in substantial gainful activity when he worked for his father's restaurant, Nourish Sequim, as a dishwasher from June 2014 to November 2015. *See* 20 C.F.R. § 404.1572. "[T]here is a presumption of substantial gainful employment if the [claimant] earns over the amount specified in the guidelines." *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990). However, the claimant "may rebut a presumption based on earnings with evidence of his inability to be self-employed or to perform the job well,

2

without special assistance, or for only brief periods of time." *Id.* Although Vella earned over the guideline amount from June 2014 to November 2015, he successfully rebutted the presumption of substantial gainful activity by demonstrating that he received special accommodations at Nourish Sequim because his father was a business partner and the executive chef.

The ALJ improperly discounted Vella's subjective testimony about the severity of his symptoms. Where, as here, an ALJ finds that the claimant's medical impairments "could reasonably be expected to cause his alleged symptoms," "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (quotation omitted). The ALJ failed to do so here. The ALJ found Vella's testimony to be inconsistent with his positive treatment history. However, Vella sought treatment only for his depression during the closed period. The free clinic Vella visited during the closed period did not diagnose or treat his Asperger's Syndrome and autism. Additionally, the ALJ discredited Vella's testimony because he has a history of "gainful employment." However, Vella was fired from almost every job he had. The reasons for his termination are consistent with his described symptoms.

We reverse and remand. We direct the district court to remand to the Commissioner for an award of benefits for the closed period from October 9, 2010, to December 31, 2016.

**REVERSED and REMANDED.**

4

*Vella v. Kijakazi*, No. 22-35222

IKUTA, Circuit Judge, dissenting:

I respectfully dissent. The Administrative Law Judge (ALJ) "is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "If the evidence can reasonably support either affirming or reversing the [Commissioner of Social Security]'s conclusion, the court may not substitute its judgment for that of the [Commissioner]." *Flaten v. Sec'y of HHS*, 44 F.3d 1453, 1457 (9th Cir. 1995). Here, the ALJ's determination that Vella's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible, was supported by substantial evidence, and we cannot "engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citing *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal quotation marks omitted)).

The ALJ's step one finding that Vella engaged in substantial gainful activity when he worked at Nourish Sequim was supported by substantial evidence because Vella's work as a dishwasher at Nourish Sequim—for six hours per day, four days per week—meets the statutory requirements for "substantial gainful activity." *See Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990) (citing 20 C.F.R.

§ 404.1572(a)).[1]  Regardless, any error in determining that Vella's work at Nourish

Sequim qualified as substantial gainful activity is "inconsequential" to the ALJ's

"ultimate nondisability determination," *Stout v. Comm'r, Soc. Sec. Admin.*, 454

F.3d 1050, 1055 (9th Cir. 2006), and therefore harmless, because the ALJ did not

stop at step one, but continued to step five, where the ALJ properly decided that

Vella "could [have] perform[ed] other work in the economy" during the relevant

period, *Tommasetti*, 533 F.3d at 1037, and thus was not disabled.

The ALJ gave several specific, clear and convincing reasons for determining

that Vella's statements about the disabling effects of his symptoms were not

credible, and that determination was supported by substantial evidence.  *See id.* at

1039.  First, the ALJ conducted a detailed longitudinal review of Vella's medical

records (including Vella's own statements about the effectiveness of medication)

and concluded, based on the record evidence, that medication effectively controlled

his symptoms, which is a relevant factor in determining the degree of Vella's

impairment.  *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v).[2]  The

_____

[1] Vella earned more than the minimum amount necessary to establish a presumption of substantial gainful activity, 20 C.F.R. § 404.1574(b)(2), and has not explained how he has rebutted this presumption, *see Keyes*, 894 F.2d at 1056.

[2] Vella failed to argue on appeal that his positive response to medication is not dispositive because the medication did not treat his then-undiagnosed

(continued...)

2

ALJ then reasonably determined that this positive response to treatment undermined Vella's credibility due to inconsistent statements he made about his symptoms when seeking state assistance. For instance, during a period in which Vella reported being out of medication for months, he reported no change in his condition, yet also claimed that he suffered significant symptoms during this same period only when he underwent a psychological evaluation report to appeal the denial of his disability application. Indeed, the ALJ noted that even the physician seeing Vella for this evaluation expressed "some concern about the validity" of Vella's self-report given Vella's endorsement of "an unusual number of negative items."

Second, the ALJ relied upon the fact that Vella's long-standing symptoms (which did not worsen during the period of his alleged disability) did not prevent him from working before, during, and after his alleged period of disability. *See Gregory v. Bowen*, 844 F.2d 664, 666–67 (9th Cir. 1988); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The majority contends that Vella was fired from the jobs he held and, therefore, those jobs (some of which Vella had held for over two years) do not constitute evidence of his ability to work. But this

---

[2](...continued)
Asperger's Syndrome and autism. Therefore, this argument is forfeited. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

conclusion is contrary to our case law, which establishes that holding jobs for eleven months before being fired qualifies as substantial gainful activity. *See Tylitzki v. Shalala*, 999 F.2d 1411, 1414 (9th Cir. 1993) (per curiam). Therefore, contrary to the majority, the ALJ's determination that Vella's work history undercut his symptom testimony was a specific, clear and convincing reason to find Vella not credible. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

Because the evidence the ALJ cited constitutes substantial evidence to support the conclusion that Vella was not credible, we may not reverse the ALJ's determination. *See Andrews*, 53 F.3d at 1039–40; *Flaten*, 44 F.3d at 1457. The remainder of Vella's arguments regarding the alleged errors that the ALJ committed are unpersuasive, so I would affirm the ALJ's decision. *See Tommasetti*, 533 F.3d at 1040.

Finally, even if the ALJ's adverse credibility determination were incorrect, the majority errs in remanding this case for an immediate payment of benefits. We have explained that only if "no outstanding issues remain and further proceedings would not be useful," do we have discretion to find the "relevant testimony credible as a matter of law," and remand for benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (citation omitted). If the ALJ

4

erred, then inconsistencies in the record would have to be resolved on remand, including the conflict between Vella's current claims and the longitudinal objective medical records, Vella's past history of denying severe impairment, and the fact that Vella was able to work before, during, and after the period at issue. *See id.* at 1104–05. Therefore, further proceedings would be necessary regardless whether Vella's work as a dishwasher qualified as substantial gainful activity or whether the ALJ properly found Vella's testimony not to be credible. *See Connett v. Barnhart*, 340 F.3d 871, 874–75 (9th Cir. 2003).