**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXIS VELA, | No.    23-35075 |
| Plaintiff-Appellant, | D.C. No. 1:22-cv-03018-RMP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted December 8, 2023**
Seattle, Washington

Before:  McKEOWN, N.R. SMITH, and SANCHEZ, Circuit Judges.

Alexis Vela appeals the district court's order affirming the Commissioner's

final decision, which affirmed the denial of her application for disability benefits

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Title II of the Social Security Act, 42 U.S.C. § 423. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We will "review the district court's order affirming the ALJ's denial of social security benefits de novo and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citations omitted).

1. The Administrative Law Judge (ALJ) did not err at step one in finding that Vela engaged in substantial gainful activity (SGA). *See Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990); 20 C.F.R. § 404.1571. Vela maintained long-term employment and stayed near substantially gainful earning levels consistently. In two quarters, the first quarter of 2018 and the first quarter of 2020, her earnings exceeded the statutory minimums. Vela did not rebut the presumption of SGA. She told the ALJ she was fired due to slowness and errors but had previously told a counselor she was let go due to car issues and sick children. Further, there is no evidence that she received accommodations from her employers. But regardless whether the ALJ erred, any error was harmless, because the ALJ proceeded to analyze the remaining steps. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

2

2. The ALJ did not err in rejecting the medical opinions of Dr. Kris Marks and Dr. Holly Petaja.[1] *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Substantial evidence supported the conclusion that Dr. Marks's opinion was not persuasive. First, Dr. Marks examined Vela in 2015 and concluded that Vela would have difficulty finding work; however, Vela was hired for multiple jobs over the next five years with no evidence of accommodations. Second, Dr. Marks's conclusion was also inconsistent with a 2021 evaluation that found Vela could engage in simple work and had only mild limitations. Lastly, this more recent determination that Vela could engage in simple, repetitive work was consistent with Dr. Marks's conclusion that Vela could not recall complex instructions. *See Ford v. Saul*, 950 F.3d 1141, 1155–56 (9th Cir. 2020). Because Dr. Petaja's conclusions were based on Dr. Marks's evaluations, the ALJ did not err in rejecting Dr. Petaja's opinion.

3. The ALJ provided clear and convincing reasons for finding that Vela's symptom testimony was not credible. *See Carmickle v. Comm'r, Soc. Sec. Admin.*,

---

[1] The ALJ evaluated these medical opinions under 20 C.F.R. §§ 404.1527, 416.927 because Vela applied for benefits before March 27, 2017. *See Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Even though Vela filed her application for disability insurance benefits after this date, Sections 404.1527 and 416.927 still apply because the agency uses the earlier application (Vela's supplemental security income application) to determine which medical evidence regulations apply. POMS DI 24503.050.D.2.a.

533 F.3d 1155, 1160 (9th Cir. 2008). All of these reasons are supported by substantial evidence. Specifically, the ALJ found: (A) that Vela had held multiple and concurrent part-time jobs while raising two young children without the support of her husband and with limited family support; (B) that Vela had failed to pursue more consistent mental health treatment; (C) that Vela's symptom testimony was inconsistent with the objective medical evidence provided by Dr. Linda Lindman; and (D) that Vela had applied for and received unemployment benefits from the State of Washington, which had required her to represent that she was ready, able, and willing to accept any job, without differentiation between part- or full-time work. *See Smartt v. Kijakazi*, 53 F.4th 489, 498–99 (9th Cir. 2022); *Ford*, 950 F.3d at 1156.

4. We decline to address Vela's argument that the ALJ erred at step three by failing to consider Listing 12.05 for Vela's intellectual impairments, because this issue was not raised before the district court. *See Steam Press Holdings, Inc. v. Haw. Teamsters, Allied Workers Union, Loc. 996*, 302 F.3d 998, 1005 (9th Cir. 2002).

5. The ALJ did not err at step five. The ALJ posed a hypothetical to a vocational expert to determine if any jobs existed in the national economy that a person with Vela's limitations could perform. The ALJ based her hypothetical on

Dr. Lindman's examination and conclusions. The vocational expert answered that such jobs existed. Vela's arguments restate that the ALJ improperly discounted her testimony and that of Dr. Marks and Dr. Petaja. Therefore, her arguments fail for the same reasons discussed above. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). Substantial evidence supports the ALJ's finding that Vela could perform simple, repetitive work in jobs existing in the national economy. Thus, the ALJ's hypothetical propounded to the vocational expert was proper. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

**AFFIRMED.**